UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :        **MEMORANDUM AND ORDER**
            -against-                        :          03-CR-795 (DLI)
                                             :
CHRISTOPHER BRADLEY,                         :
                                             :
                        Defendant.           :
---------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On November 2, 2005, defendant Christopher Bradley ("Defendant") pled guilty to federal charges of intentionally killing an individual while engaged in a conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 848(e)(1)(A). (*See* Superseding Indictment ¶ 43, Doc. Entry No. 153; 11/2/05 Min. Entry, Doc. Entry No. 175.) At the time of Defendant's arrest and prosecution on the federal charges, he was under the primary jurisdiction of New York State authorities and in federal custody pursuant to a writ of habeas corpus. On July 18, 2007, the Hon. David G. Trager, Senior U.S. District Judge,[1] sentenced Defendant to 276 months' imprisonment. (7/18/07 Sentencing Min. Entry, Doc. Entry No. 326; *see also* Judgment, Doc. Entry No. 327.) Following sentencing by Sr. Judge Trager, Defendant was returned to state custody and a federal detainer was lodged. On October 10, 2007, Defendant was paroled on his state sentence and released into federal custody to commence serving his federal sentence.

On April 19, 2012, Defendant, *pro se*, filed the instant motion for clarification of his sentence, asserting the time he served in federal custody after his state sentence expired should be credited toward his federal sentence. (Mot. for Clarification of Sentence ("Def. Mot."), Doc. Entry No. 509.) The government opposes Defendant's motion. (Opp. to Mot. for Clarification of Sentence ("Gov't Opp."), Doc. Entry No. 521.) On January 21, 2013, Defendant filed a

---

[1] This matter was reassigned on February 15, 2011 to the instant presiding judge upon the passing of Sr. Judge Trager.

motion to appoint counsel for the instant motion. (Def. Mot. to Appoint Counsel, Doc. Entry No. 527.) For the reasons set forth below, Defendant's motion to appoint counsel and motion for clarification of sentence are denied.

## BACKGROUND

### I. Procedural History of State Charges

On June 22, 2001, Defendant pled guilty to the felony charge of criminal sale of a controlled substance in the third degree in the New York State County Court of Schenectady, New York and was sentenced to two to six years' imprisonment. (Gov't Opp., Ex. A, Presentence Report ("PSR") ¶¶ 86-87.) Defendant was paroled on May 8, 2003, with four years, two months, and 19 days remaining on his state sentence. (PSR ¶ 89; Gov't Opp., Ex. D, Decl. of Marcus Boudreaux ("Boudreaux Decl.") ¶ 5, Ex. 4.) On August 5, 2003, Defendant was declared delinquent for violating the conditions of his parole and was a fugitive. (PSR ¶ 89.) On or about October 25, 2003, Defendant committed the acts that serve as the basis for the federal conviction, namely, the intentional killing of a rival drug dealer. (Superseding Indictment ¶ 43.)

On March 15, 2004, Defendant was arrested in Brooklyn, New York and placed in New York City Department of Corrections custody for robbing an individual with a firearm. (PSR ¶¶ 105-06.) As a result of this arrest, his detention as a parole violator began on March 23, 2004. (Boudreaux Decl. ¶ 4.) On May 10, 2004, he pled guilty to disorderly conduct in the Criminal Court of the City of New York, County of Kings, and was sentenced to time served. (*Id.* ¶ 3.) On May 18, 2004, a Parole Revocation Decision Notice was issued that acknowledged Defendant had four years, two months, and 19 days remaining on the undischarged portion of his sentence. (*Id.* ¶ 5.) The Parole Board determined Defendant had been on parole for two months and 27 days before being declared delinquent, and imposed a five-month delinquent time

assessment.  (*Id.*)  On June 2, 2004, Defendant was transferred from New York City Department of Corrections custody to the New York State Department of Corrections custody to continue serving his original state sentence.[2]  (*Id.* ¶ 6.)  Defendant's calculated maximum expiration date for the parole violation was December 24, 2007.  (*Id.*)

On July 27, 2004, the New York State Parole Board ("Parole Board") interviewed Defendant and issued a decision stating, "OPEN DATE: EARLIEST RELEASE DATE: 08/18/2004."  (*Id.* ¶ 7.)  According to the New York State Parole Handbook, an "Open Date" is not a release date; instead, when an inmate reaches his "Open Date," the Parole Board must approve a release plan and verify his prospective residence and means of financial support.  If a release plan is not approved, then an inmate continues to reappear before the Parole Board to request release.  (*Id.* ¶ 7, Ex. 5.)

## II.      Procedural History of Federal Charges

On August 12, 2004, Defendant was transferred to federal custody pursuant to a federal writ of habeas corpus.  (Boudreaux Decl. ¶ 8, Ex. 17.)  On September 7, 2004, the superseding indictment was filed against Defendant and others.  (Superseding Indictment, Doc. Entry No. 39.)  On September 23, 2004, he was arrested on federal charges of, *inter alia*, intentionally killing an individual while engaged in a conspiracy to distribute cocaine base in violation of 21 U.S.C. § 848(e)(1)(A).  (PSR ¶ 40.)  On July 18, 2007, Defendant was sentenced to 276 months' imprisonment, along with other conditions.  (7/18/07 Sentencing Min. Entry; *see also* Judgment.)

While Defendant was in federal custody, the Parole Board conducted proceedings on Defendant's state parole violation and each time postponed its decision because Defendant was

---

[2] Defendant was granted credit toward his state parole violation for the time spent in New York City custody from March 23, 2004 through June 1, 2004.  (Boudreaux Decl. ¶ 6.)

in federal custody.[3]  (Boudreaux Decl. ¶ 11.)  On July 26, 2007, Defendant was returned to state custody with a detainer lodged based on the federal judgment.  (*Id.* ¶ 10.)  On September 27, 2007, Defendant applied for conditional release and, after a parole interview, the Parole Board granted parole.  (*Id.* ¶ 15.)  On October 10, 2007, Defendant was released from state custody and transferred to federal custody to begin serving his federal sentence.  (*Id.*)

On April 13, 2012, Defendant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California.  *See Bradley v. Rios*, No. 12-cv-580 (E.D. Ca. 2012).  On April 19, 2012, Defendant filed the instant motion for clarification of his sentence in this Court.  The Government moved for a stay in the habeas proceeding before the Eastern District of California pending this Court's determination of the instant motion.  (Gov't Opp. at 6.)

## DISCUSSION

In reviewing Defendant's motions, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Accordingly, the Court interprets Defendant's motions "to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).

## I.    Motion to Appoint Counsel

On January 21, 2013, Defendant moved this Court to appoint counsel on his behalf for his motion for clarification of sentence and claims of constitutional violations.  For the reasons set forth below, Defendant's motion to appoint counsel is denied.

---

[3] The Parole Board conducted proceedings on the following dates: January 24, 2005, July 26, 2005, January 31, 2006, August 1, 2006, January 29, 2007, and July 31, 2007.  (Boudreaux Decl., Ex. 8.)

Pursuant to 18 U.S.C. § 3006A(c), a person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings. The Second Circuit has concluded that "the reference to ancillary matters . . . does not require the furnishing of Criminal Justice Act counsel in post-appeal motions for reduction of sentence. . . . The provision of counsel for such motions should rest in the discretion of the district court." *United States v. Reddick*, 53 F. 3d 462, 465 (2d Cir. 1995); *see also United States v. Cirineo*, 372 Fed. App'x. 178, 179-80 (2d Cir. 2010). The Court of Appeals further noted that "[t]he apparent merits of the motion will no doubt be a significant factor in the exercise of that discretion." *Reddick*, 53 F. 3d at 465 n.2.

Here, Defendant seeks appointment of counsel to investigate claims of constitutional violations and because he lacks the education necessary to litigate the issues *pro se*. (*See* Mot. to App. Counsel.) The legal issues in Defendant's motion for clarification of sentence are not complex. The motion can be, and has been, resolved fairly on the written submissions as the documents related to Defendant's state and federal sentences have been provided to the Court by the government. As discussed below, the motion turns on Defendant's erroneous assertion that his state sentence expired on August 18, 2004 and, therefore, the motion lacks merit. Accordingly, Defendant's motion to appoint counsel is denied.

## II.    Motion for Clarification of Sentence

Defendant seeks clarification of his sentence, arguing that the time he served in federal custody after his state sentence expired on August 18, 2004 should be credited toward his federal

sentence, and requests the Court order that his federal term run concurrently to his state sentence. (Def. Mot. at 4.)[4]

The Court liberally construes *pro se* Defendant's motion as requests for: (a) credit for time spent while awaiting a federal sentence pursuant to 18 U.S.C. § 3585; (b) his federal and state sentences to run concurrently pursuant to 18 U.S.C. § 3584(a); and (c) modification of his current federal sentence pursuant to 18 U.S.C. § 3582(c). As set forth below, Defendant's motion is denied in its entirety.

A.    Commencement of Federal Sentence and Credit for Prior Custody

First, the Bureau of Prisons properly determined that Defendant's federal sentence began on October 10, 2007. Pursuant to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Defendant was formally paroled and released from state custody and transferred into federal custody on October 10, 2007. Therefore, Defendant's federal 276-month term of imprisonment commenced on October 10, 2007.

Second, the Bureau of Prisons properly credited the time between August 18, 2004 and October 10, 2007 to Defendant's state sentence and not his federal sentence. (Gov't Opp. at 6.) Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). Consequently, a defendant may only receive credit for time served towards one sentence and "a defendant has no right to credit

---

[4] The Court has paginated the motion for ease of reference.

on his federal sentence for time that has been credited against his prior state sentence." *United States v. Labeille-Soto*, 163 F. 3d 93, 99 (2d Cir. 1998).

Defendant argues that he was scheduled to be released on August 18, 2004 on his State conviction. (Def. Mot. at 2.) However, August 18, 2004 was not his release date from state custody. It was an "open date" for the Parole Board to determine if Defendant should be released. The State did not discharge Defendant's parole while he was in federal custody on the writ and the Parole Board did not parole and release Defendant from his state sentence until October 10, 2007. Therefore, the time Defendant spent in custody between August 18, 2004 and October 10, 2007 had to be credited to the state parole violation. Under 18 U.S.C. § 3585(b), a defendant can receive credit only for time served towards one prison sentence. Therefore, the period between August 18, 2004 and October 10, 2007 cannot be applied to Defendant's ongoing federal sentence.

In addition, Defendant maintains that had Sr. Judge Trager known when he imposed sentence that Defendant had not received credit towards his federal sentence for the time he served in federal custody between August 18, 2004 and his sentencing date, the Court would have given him credit for that time period. (Def. Opp. to Gov't Request for Extension of Time to Respond to Def. Mot. at 3, Doc. Entry No. 516.)

"The Supreme Court has concluded that '§ 3585(b) does not authorize a district court to compute the credit at sentencing.'" *Labeille-Soto*, 163 F. 3d at 99 (quoting *United States v. Wilson*, 503 U.S. 329, 334 (1992)). "Rather, credit 'is granted by the Attorney General through the Bureau of Prisons after a defendant is sentenced,' and although the defendant may, after exhausting his administrative remedies, obtain judicial review of that Bureau's determination, the credit is 'not [to be granted] by a district court at the time of sentencing.'" *Id.* (quoting

*United States v. Galicia-Delgado*, 130 F. 3d 518, 522 (2d Cir. 1997)) (other citations omitted).

Therefore, Sr. Judge Trager was not authorized at the time of sentence to compute the credit for

Defendant's time spent in federal custody after his state sentence expired.

        B.        <u>Federal Sentence to Run Consecutively to State Sentence</u>

Pursuant to 18 U.S.C. § 3584(a), "[i]f multiple terms of imprisonment are imposed on a

defendant at the same time, or if a term of imprisonment is imposed on a defendant who is

already subject to an undischarged term of imprisonment, the terms may run concurrently or

consecutively . . . . *Multiple terms of imprisonment imposed at different times run consecutively*

*unless the court orders that the terms are to run concurrently*." 18 U.S.C. § 3584(a) (emphasis

added).

Defendant was sentenced on June 22, 2001 to his state term of imprisonment and was

sentenced on July 18, 2007 to his federal term. Defendant had "multiple terms of imprisonment

imposed at different times" and, pursuant to 18 U.S.C. § 3584(a), the prison terms are to run

consecutively unless the court orders the terms to run concurrently. The federal sentencing court

was aware that Defendant was still subject to further state prison time for his parole violation,

because the PSR specified that Defendant's state parole had been revoked and his parole term

was continuing. (PSR ¶¶ 89-90.) However, there is no indication that the sentencing court

ordered Defendant's federal sentence to run concurrently to his state sentence remaining on the

parole violation. (*See* 7/18/07 Sentencing Min. Entry; Judgment.) Thus, the state and federal

terms of imprisonment appropriately ran consecutively.

        C.        <u>Modification of Sentence</u>

Defendant requests the Court order that his federal term of imprisonment run

concurrently to his state prison term. Pursuant to 18 U.S.C. § 3582(c), "the court may not

modify a term of imprisonment once it has been imposed," except for the following circumstances: 1) upon motion of the Director of the Bureau of Prisons; 2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and 3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). None of the aforementioned circumstances under 18 U.S.C. § 3582 are applicable here. Therefore, the Court denies any request to modify Defendant's sentence.

## **CONCLUSION**

For the reasons set forth above, Defendant's motions for clarification of sentence and appointment of counsel are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
     May 28, 2013

                       _____/s/_____
                          DORA L. IRIZARRY
                   United States District Judge